UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NECHUME MENDELOVITS, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., DYNAMIC RECOVERY SOLUTIONS, LLC, and JOHN AND JANE DOES 1-50,

    Defendants.

CASE NO.:

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

---

## I. PRELIMINARY STATEMENT

1. Plaintiff, Nechume Mendelovits ("MENDELOVITS"), individually and on behalf of all others similarly situated, brings this action for the illegal practices of Defendants, LVNV FUNDING, LLC ("LVNV"), RESURGENT CAPITAL SERVICES, L.P. ("RESURGENT"), and DYNAMIC RECOVERY SOLUTIONS, LLC ("DYNAMIC"), and JOHN AND JANE DOES 1-50 ("DOES") (collectively, "Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from Plaintiff and other similarly situated customers.

2. Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

3. Such collection practices include, *inter alia*, sending consumers written communications in an attempt to collect debts, which falsely state the consumers' alleged defaulted and charged-off debts are continuing to accrue daily interest, late charges, and other charges.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. The FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

8. The FDCPA at 15 U.S.C. §1692g mandates that a debt collector, in its initial communications with a consumer in connection with the collection of any debt, send the consumer a written notice containing a non-exhaustive list of certain disclosures. Among these *per se* violations are: failing to state the amount of the debt, 15 U.S.C. 1692g(a)(1).

9. The Plaintiff, individually and on behalf of all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

10. MENDELOVITS is a natural person.

11. At all times relevant to this lawsuit, MENDELOVITS was a citizen of, and resided in, the City of Airmont, County of Rockland, New York.

12. DYNAMIC is a for-profit limited liability company formed under the laws of the State of South Carolina.

13. MENDELOVITS is informed and believes, and on that basis alleges, that DYNAMIC maintains its principal place of business at 135 Interstate Boulevard, City of Greenville, County of Greenville, South Carolina.

14. DYNAMIC's registered agent for service in New York is National Registered Agents, Inc., 875 Avenue of the Americas, Suite 501, New York, NY 10001.

15. RESURGENT is a for-profit limited partnership formed under the laws of the state of Delaware.

16. MENDELOVITS is informed and believes, and on that basis alleges that RESURGENT maintains its principal place of business at 55 Beattie Place, Suite 110, City of

Greenville, County of Greenville, South Carolina, 29601.

17. RESURGENT's registered agent for service in New York is Corporation Service Company, 80 State Street, Albany, NY 12207-2541.

18. LVNV is a for-profit limited liability company formed under the laws of the State of Delaware.

19. MENDELOVITS is informed and believes, and on that basis alleges, that LVNV maintains offices at 6801 South Cimarron Road, Suite 424J, City of Las Vegas, County of Clark, Nevada, 89113.

20. LVNV's registered agent for service in New York is Corporation Service Company, 80 State Street, Albany, NY 12207-2541.

21. Defendants DOES are sued under fictitious names because their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this Complaint by inserting the true names and capacities of these DOES once they are ascertained.

22. Plaintiff is informed and believes, and on that basis alleges, that Defendants, DOES, are natural persons and/or business entities all of whom reside or are located within the United States who are personally created, instituted, and, with knowledge that such practices were contrary to law, acted consistent with and oversaw the violate policies and procedures used by the employees of LVNV, RESURGENT, and US DYNAMIC that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by LVNV, RESURGENT, and DYNAMIC and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

23. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §§ 1331 and 1337.

24. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS CONCERNING DEFENDANTS

25. As LVNV acknowledges on its website, www.lvnvfunding.com, it purchases defaulted consumer debts from third parties:

> LVNV Funding LLC, ("LVNV") purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers.

26. After purchasing defaulted consumer debt from third parties, LVNV undertakes to liquidate the debt both directly and indirectly.

27. LVNV directly liquidates defaulted consumer debts by filing lawsuits to collect them.

28. On information and belief, LVNV has been the plaintiff in more than 1,000 lawsuits in state courts around the United States in the twelve months prior to the filing of this lawsuit.

29. As LVNV further acknowledges on its website, www.lvnvfunding.com, it collects debts indirectly through the services of RESURGENT and other debt collectors such as DYNAMIC:

>The management of purchased assets is outsourced to Resurgent Capital Services LP (Resurgent), a third-party specializing in the management of these types of consumer assets. Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs these services on their behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in most cases, will outsource the recovery activities to other, independent, specialized, licensed collection agencies.

30. RESURGENT regularly engages in the collection of defaulted consumer debts.

31. RESURGENT regularly engages in the collection of defaulted consumer debts owed to others.

32. In attempting to collect debts, RESURGENT uses the mails, telephone, the Internet, and other instruments of interstate commerce.

33. RESURGENT is a business the principal purpose of which is the collection of defaulted consumer debts.

34. All actions taken in the name of LVNV are taken by RESURGENT pursuant to a written agreement and power of attorney that LVNV has executed in favor of RESURGENT.

35. RESURGENT and LVNV are under common owernship and management.

36. RESURGENT and LVNV are part of the Sherman Financial Group.

37. On information and belief, RESURGENT directed the collection activity directed at MENDELOVITS.

38. RESURGENT, acting at the direction of LVNV, retained DYNAMIC to collect a defaulted debt owned by LVNV from MENDELOVITS.

39. DYNAMIC regularly engages in the collection of defaulted consumer debts.

40. DYNAMIC regularly collects or attempts to collect debts alleged to be owed others.

41. In attempting to collect debts, DYNAMIC uses the mails, telephone, the internet, and other instruments of interstate commerce.

42. DYNAMIC is a business the principal purpose of which is the collection of defaulted consumer debts.

43. DYNAMIC regularly engages in the collection of defaulted consumer debts owned by LVNV.

## V. FACTS RELATING TO PLAINTIFF

44. DYNAMIC mailed, or caused to be mailed, a letter to MENDELOVITS dated February 5, 2019 (the "Letter").

45. A true and correct copy of the Letter is attached as *Exhibit A*, except the undersigned counsel has partially redacted it.

46. The Letter alleged MENDELOVITS had incurred and defaulted on a financial obligation (the "Debt") originally owed to Washington Mutual Bank, NA ("WAMU") and presently owed to LVNV.

47. Upon information and belief, the Debt concerned a credit card account.

48. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

49. The Letter was DYNAMIC's first written communication to MENDELOVITS attempting to collect the Debt.

50. On information and belief, sometime prior to February 5, 2019, the creditor of the debt either directly or through intermediate transactions assigned, placed, or transferred the debt to DYNAMIC for collection.

51. On information and belief, the Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

52. Consequently, on information and belief, DYNAMIC caused the same form collection letter to be mailed to others who, like MENDELOVITS, reside in New York.

A. *The Misrepresentation of the Static Nature of the Debt*

53. The Letter stated the date of last payment on the account was August 17, 2009.

54. The statute of limitations on lawsuits to collect the Debt expired sometime in 2016.

55. The Letter stated in relevant part:

| | |
|---|---|
| Current Balance: | $13,138.87 |
| **Charge-off Balance:** | **$10,906.72** |
| **Interest Accrued since Charge-off:** | **$2,232.15** |
| **Non-interest charges accrued since charge-off:** | **$0.00** |
| **Non-interest fees accrued since charge-off:** | **$0.00** |

56. LVNV does not intend to add and, as a matter of practice, does not add interest or other charges to the balances of its charged-off credit card accounts.

57. LVNV does not prepare and send monthly periodic billing statements on charged-off credit card accounts.

58. Once the Debt was sold to LVNV, its balance remained static and unchanging.

59. Once the Debt was sold to LVNV, LVNV did not add interest or other charges to the account.

60. The Letter falsely implied to the unsophisticated consumer that interest and other charges could accrue on the charged-off Debt.

61. Such false implication arises from the totality of the Letter including, but not limited to: (A) itemizing post-charge-off interest and other charges; and, (B) describing the amount owed as the "*Current* Balance."

62. The Letter is materially false, deceptive, and misleading to the least sophisticated consumer a rational person with limited financial resources would, based on the Letter, choose to pay the Debt over an otherwise identical debt which accurately implied the balance remained static.

63. DYNAMIC's use of a form letter like the Letter—which falsely implies the Debt could increase—competitively disadvantages debt collectors who collect static debts without obscuring the fact those debts' balances are static.

64. The Letter does not clearly and unambiguously state the amount of the Debt.

65. The Letter deprived MENDELOVITS of truthful, non-misleading, information in connection with DYNAMIC's attempt to collect a debt.

**B.** *The Misrepresentation of the Duty to Renew Offer*

66. The Letter stated in part:

> Our office will allow you to resolve your account for $5,255.55. Your payment is due on March 22, 2019. We are not obligated to renew this offer. Upon receipt and clearance of this payment, this account will be considered satisfied and closed. A satisfaction letter will be issued or;
>
> Our office will allow you to resolve your account for $5,912.49 in 2 payments of $2,956.25 and $2,956.24. Your first payment is due on March 22, 2019. We are not obligated to renew this offer. To comply with this offer, payments should be no more than 30 days apart. Upon receipt and clearance of these two payments, this account will be considered satisfied and closed. A satisfaction letter will be issued or;
>
> Our office will allow you to resolve your account for $6,569.44 in 4 payments of $1,642.36. Your first payment is due on

> March 22, 2019. We are not obligated to renew this offer. To comply with this offer, payments should be no more than 30 days paart. Upon receipt and clearance of these four payments, this account will be considered satisfied and closed.

67. DYNAMIC's false statements that it is "not obligated to renew this offer" are materially false, deceptive, and misleading because it is *always* obligated by LVNV to renew the settlement offers stated in the Letter.

68. DYNAMIC's false statements that it is "not obligated to renew this offer" are materially false, deceptive, and misleading because it influences the unsophisticated consumer's decision to promptly pay the debt, instead of first disputing it, because a delayed payment would result in potentially losing the ability to accept the settlement offers at a later date.

## VI. CLASS ALLEGATIONS

69. DYNAMIC's conduct toward MENDELOVITS is consistent with its policies and practices when attempting to collect debts from consumers generally. Consequently, this action is brought by MENDELOVITS individually and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

70. MENDELOVITS seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

71. ***Class Definition.*** The Class consists of: All natural persons to whom DYNAMIC mailed a written communication in the form of ***Exhibit A*** to an address in the State of New York on a charged-off credit card account owned by LVNV during the Class Period which begins on April 16, 2019 and ends on May 7, 2019.

72. The identities of the Class members are readily ascertainable from the business records of Defendants and those entities on whose behalf Defendants attempt to collect debts.

73. **Class Claims.** The Class claims include all claims each Class member may have for a violation of the FDCPA arising from DYNAMIC having mailed a written communication to such Class member in the form of *Exhibit A* on behalf of Resurgent and LVNV to collect a charged-off credit card debt.

74. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation.

75. **Numerosity.** On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

76. **Common Questions Predominate.** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by Defendants with respect to each Class member.

77. **Typicality.** MENDELOVITS' claims are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendants.

78. **Adequacy.** MENDELOVITS will fairly and adequately protect the interests of the Class members because she has no interests that are adverse to the interests of the Class members. Moreover, MENDELOVITS is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither MENDELOVITS nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

79. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members

predominate over any questions affecting individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

80. Based on discovery and further investigation (including, but not limited to, disclosure by Defendants of class size and net worth), MENDELOVITS may, in addition to moving for class certification using modified Class definitions, Class claims, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII. CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

81. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

82. DYNAMIC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

83. RESURGENT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

84. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

85. JOHN AND JANE DOES 1-50 are each a "debt collector" as defined by 15 U.S.C. §1692a(6).

86. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

87. MENDELOVITS is a "consumer" as defined by 15 U.S.C. § 1692a(3).

88. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

89. The use and mailing of *Exhibit A* by Defendants in an attempt to collect the Debt violated the FDCPA in one or more following ways:

    (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e, including, but not limited to, violations of §§ 1692e(2), e(5), and 1692e(10);

    (b) Using unfair or unconscionable means in violation of 15 U.S.C. § 1692f

(c) Failing to provide a written notice containing the information required under 15 U.S.C. § 1692g(a) either with the initial communication or within five days after the initial communication.

## VIII. PRAYER FOR RELIEF

90. WHEREFORE, Plaintiff, NECHUME MENDELOVITS, individually and on behalf of all others similarly situated, demands judgment against Defendants, DYNAMIC, RESURGENT and LVNV, jointly and severally, as follows:

(a) An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b) An award of statutory damages for MENDELOVITS and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

(c) An award to MENDELOVITS for services on behalf of the Class as determined in the discretion of the Court;

(d) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(e) An award of actual damages to Plaintiff and the Class to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff and/or the Class; and

(f) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

91. Trial by jury is demanded on all issues so triable.

DATED: Uniondale, New York
April 16, 2019

*Abraham Kleinman* (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

*Attorney for Plaintiff, NECHUME MENDELOVITS*